EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2015 TSPR 108 |
| Astrid A. Colón Ledée | 193 DPR ____ |

Número del Caso: TS-10,681

Fecha: 9 de junio de 2015

Abogada de la parte querellada:

    Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Astrid A. Colón Ledée

                              TS-10681




                          PER CURIAM

En San Juan, Puerto Rico, a 9 de junio de 2015.

                              I.

El 10 de enero de 2014 emitimos una Opinión *Per Curiam* en la que suspendimos provisionalmente a la Lcda. Astrid A. Colón Ledée del ejercicio de la abogacía y la notaría. In re Colón Ledée, 190 DPR 51 (2014).[1] Esa suspensión provisional se debió a que la licenciada Colón Ledée fue convicta por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico por cometer varios delitos

---

[1] La licenciada Colón Ledée ya había sido separada indefinidamente del ejercicio de la abogacía en el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico mediante una "Order of Disbarment" emitida por ese foro el 21 de marzo de 2013 en el caso MISC. NO: 12-258 (ADC). In re Colón Ledée, supra, pág. 53, n. 1.

que implican depravación moral y falta de honradez.[2] En aquel entonces expresamos que la suspensión provisional estaba sujeta a que la sentencia condenatoria adviniese final y firme.

Posteriormente, la licenciada Colón Ledée apeló su condena al Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito. El 5 de noviembre de 2014, ese foro emitió una opinión en la que confirmó las condenas. United States v. Ledée, 772 F.3d 21, 26 (1er Cir. 2014). La licenciada Colón Ledée no recurrió al Tribunal Supremo federal para cuestionar ese dictamen, por lo que la convicción advino final y firme.[3] Así, el 26 de marzo de 2015, el Primer Circuito emitió una orden en la que suspendió temporeramente a la licenciada Colón Ledée de ejercer la profesión ante ese foro. In re Astrid Colon-Ledée, No. 14-8029 (1er Cir. 26 de marzo de 2015).

El 27 de marzo de 2015 emitimos una Resolución en la que le ordenamos a la letrada que mostrara causa por la cual su suspensión provisional no debía ser permanente. El 16 de abril de 2015, la licenciada Colón Ledée compareció ante nos y expresó que se aprestaba a entregarse a las

---

[2] La licenciada Colón Ledée fue convicta por los siguientes delitos: 18 USC sec. 152(1) y (2), concealment of assets; 18 USC sec. 152(7), fraudulent transfers, y 18 USC sec. 371, conspiracy to commit offense or to defraud United States. In re Colón Ledée, supra, pág. 53, n. 2.

[3] Actualmente se encuentra pendiente ante el Tribunal de Apelaciones para el Primer Circuito una apelación relacionada únicamente a una solicitud de la licenciada Colón Ledée para cumplir la pena mediante arresto domiciliario y a una orden del Tribunal de Distrito en la cual se requirió su ingreso a prisión. Caso Núm. 15-1060.

autoridades federales para cumplir su condena y que se allanaba a la decisión que este Tribunal tomara respecto a su suspensión.

## II.

Este Tribunal tiene el poder inherente para reglamentar la profesional legal en Puerto Rico. Rivera Schatz v. ELA y C. Abo. PR II, 191 DPR 791 (2014). De conformidad con ese poder, hemos reiterado que tenemos autoridad para "desaforar o suspender a los miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio". In re García Suarez, 189 DPR 995, 998 (2013). La Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735, establece que podrá ser suspendido o destituido del ejercicio de la profesión cualquier abogado que sea encontrado culpable de engaño, conducta inmoral, delito grave, delito menos grave en conexión con el ejercicio de la profesión, o de cualquier delito que implique depravación moral.[4] "No obstante, los motivos

---

[4] El texto completo de la citada Sección es el siguiente: El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será

para ejercer nuestra facultad disciplinaria no se limitan a los que son específicamente dispuestos por ley, sino que se extienden a toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro." In re Colón Ledée, supra, pág. 54.

### III.

Por los fundamentos que anteceden, y en vista de que la sentencia condenatoria en la que el Tribunal de Estados Unidos para el Distrito de Puerto Rico encontró culpable a la licenciada Colón Ledée por cometer varios delitos que implican depravación moral y falta de honradez fue confirmada por el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito, y que esta advino final y firme, ordenamos la suspensión permanente e indefinida de la letrada del ejercicio de la abogacía y la notaría.

Se dictará sentencia de conformidad.

---

borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultado para dejar sin efecto o modificar la orden de suspensión.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Astrid A. Colón Ledée

                         TS-10681




                    SENTENCIA

En San Juan, Puerto Rico, a 9 de junio de 2015.

        Por los fundamentos expuestos, en la Opinión
Per Curiam que antecede, la cual se hace formar
parte integrante de la presente Sentencia, y en
vista de que la sentencia condenatoria en la que
el Tribunal de Estados Unidos para el Distrito de
Puerto Rico encontró culpable a la licenciada
Colón Ledée por cometer varios delitos que
implican depravación moral y falta de honradez
fue confirmada por el Tribunal de Apelaciones de
Estados Unidos para el Primer Circuito, y que
esta advino final y firme, ordenamos la
suspensión permanente e indefinida de la letrada
del ejercicio de la abogacía y la notaría.

        Lo acordó y ordena el Tribunal, y lo
certifica la Secretaria del Tribunal Supremo. La
Jueza Asociada Oronoz Rodríguez no intervino.



                    Aida I. Oquendo Graulau
                Secretaria del Tribunal Supremo